UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

APOLLON BUDLER JUNIOR,
Petitioner,
v.
CHRISTOPHER J. LAROSE, WARDEN, OTAY MESA DETENTION CENTER,
Respondent.

Case No.: 26cv4835-LL-JLB

**ORDER CONDITIONALLY APPOINTING COUNSEL AND SETTING BRIEFING SCHEDULE**

Petitioner Apollon Budler Junior, proceeding pro se, is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. On August 24, 2026, he filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner is currently detained at Otay Mesa Detention Facility, and seeks a writ of habeas corpus directing Respondent to release him. *Id*.

The Court finds that representation will serve the interests of justice in this § 2241 petition, given the complexity and potential validity of the constitutional, statutory, and procedural issues presented. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Court **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc. as counsel effectively immediately.

Additionally, the Court finds it necessary to order a limited stay pursuant to the All Writs Act, 28 U.S.C. § 1651, to preserve the status quo until the Court can provide a reasoned decision, in order to avoid any potential jurisdictional problems if Petitioner is removed from this district.[1] *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 & n.1 (D. Or. July 16, 2025) ("Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo." (collecting cases)).

Accordingly, the Court **ORDERS** the following:

1. On or before **September 4, 2026**, Petitioner shall file an amended petition that names the respondent and alleges which constitutional rights, laws, or treaties of the United States have been violated by his detention. An amended petition will supersede and replace the original petition, so the amended petition must be complete in and of itself without reference to the original petition.

2. Respondents are **ORDERED TO SHOW CAUSE** why the Petition should not be granted by filing a written Return on or before **September 11, 2026**. The Return shall include any documents relevant to the determination of the issues raised in the Petition and shall address whether an evidentiary hearing on the Petition is needed. Respondents shall serve a copy of its Return upon Petitioner concurrently with the filing.

3. Petitioner may, but is not required, to reply to the Return by filing a Traverse on or before **September 18, 2026**.

4. After briefing is complete, the Court will take the matter under submission and without oral argument pursuant to Local Civil Rule 7.1(d)(1), unless the parties are notified otherwise.

---

[1] Under the All Writs Act, "all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

5. Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Petitioner from the United States or this district pending further order of the Court, to maintain the status quo to allow the Court to provide a reasoned decision.

6. The Clerk of Court shall transmit a copy of this Order and the Petition [ECF No. 1] to the U.S. Attorney's Office for the Southern District of California.

**IT IS SO ORDERED.**

Dated: August 28, 2026

Honorable Linda Lopez
United States District Judge